**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANTA MARIA HOLDINGS, LP,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  4:26-CV-02913** |
| | § | |
| **URBAN LOFTS XXI, LTD., LARRY S.** | § | |
| **DAVIS, and INTERURBAN** | § | |
| **CONSTRUCTION, INC.,** | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff Santa Maria Holdings, LP hereby files this Original Petition against Defendants Urban Lofts XXI, Ltd., Larry S. Davis, and Interurban Construction, Inc., and in support respectfully shows:

## I.   PARTIES

1.      Santa Maria Holdings, LP ("**Plaintiff**" or "**Lender**" or "**Santa Maria Holdings**") is a California entity that conducts business in Texas.

2.      Defendant Urban Lofts XXI, Ltd. ("**Urban Lofts**" or "**Borrower**") is a Texas limited partnership and may be served with process through its Registered Agent, Larry S. Davis, at 177 W Gray, Houston, Texas 77019, or wherever he may be located.

3.      Defendant Larry S. Davis ("**Davis**") is an individual residing in Harris County, Texas, and may be served with process by serving him at 4512 Montrose Blvd., Houston, Texas 77006, or wherever he may be located.

4.      Defendant Interurban Construction, Inc. ("**Interurban Construction**") is a Texas for-profit corporation, and may be served with process through its Registered Agent, Larry S. Davis, at 4512 Montrose Blvd., Houston, Texas 77006, or wherever he may be located.

## II.     JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Defendants are citizens of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      Specifically, Plaintiff is a limited partnership whose partners are citizens of California, and its principal place of business is also in California. Defendant Urban Lofts is a limited partnership whose partners are citizens of Texas, and its principal place of business is also in Texas. Defendant Davis is a citizen of Texas, domiciled in Houston, Texas. Defendant Interurban Construction is incorporated under the laws of the State of Texas with its principal place of business in Texas.

7.      Further, this Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of the laws of Texas by conducting business in Texas and by entering into a contract with Santa Maria Holdings in Houston, Texas, which is performable in Houston, Texas, and gives rise to the instant cause of action. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Electrosource, Inc. v. Horizon Battery Techs.*, 176 F.3d 867, 872 (5th Cir. 1999).

8.      Venue is proper in this district because Defendant Davis resides in this district, and all Defendants are citizens of the State. Further, a substantial part of the events or omissions giving rise to the claim occurred within this district.  28 U.S.C. § 1391(b)(1)(2).

9.　　　In addition, there is a valid and enforceable forum-selection clause in the contract at issue, wherein the parties contractually agreed to submit to the jurisdiction of this district and division. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### III.　　FACTUAL BACKGROUND

10.　　　Santa Maria Holdings made a loan to Borrower, Urban Lofts on August 15, 2024, in the amount of $250,000 (the "**Loan**"). The Loan was memorialized with a Promissory Note in the original principal amount of $250,000 executed by the Borrower payable to the Lender (the "**Note**") and other loan documents. A true and correct copy of the Note is attached hereto as **Exhibit A.**

11.　　　To secure the Note, a Pledge of Net Proceeds Agreement ("**Pledge**") dated August 15, 2024, was executed by Urban Lofts in favor of Santa Maria Holdings, whereby Urban Lofts pledged the net proceeds of the sale of the property described therein if sold prior to the full payoff of the indebtedness owing on the Note. A true and correct copy of the Pledge is attached hereto as **Exhibit B.**

12.　　　Further, to induce Santa Maria Holdings to make the loan to Borrower, Defendants Davis and Interurban Construction (collectively, the "**Guarantors**") personally guaranteed the Loan,.

13.　　　Specifically, Defendant Davis signed an Unlimited Continuing Guaranty dated August 15, 2024, in which he personally guaranteed the Loan, unconditionally and absolutely guaranteeing 1) the due and punctual payment and performance of the "Guaranteed Debt" on demand, and 2) the payment and performance of all other obligations now or hereafter owed by

Borrower to Lender (the "**Davis Guaranty**").  A true and correct copy of the Davis Guaranty is attached hereto as **Exhibit C.**

14.    Similarly, Defendant Interurban Construction signed an Unlimited Continuing Guaranty dated August 15, 2024, in which Interurban Construction guaranteed the Loan, unconditionally and absolutely guaranteeing 1) the due and punctual payment and performance of the "Guaranteed Debt" on demand, and 2) the payment and performance of all other obligations now or hereafter owed by Borrower to Lender (the "**Interurban Construction Guaranty**" and together with the Davis Guaranty, collectively, the "**Guaranties**"). A true and correct copy of the Interurban Construction Guaranty is attached hereto as **Exhibit D.**

15.    "Guaranteed Debt" under the Guaranties was defined therein to include the Loan and any and all obligations and liabilities of Borrower, then existing or thereafter arising. Both Davis and Interurban Construction agreed that the Guaranties were an absolute, continuing and unconditional guaranty of payment and not of collection.

16.    According to the express terms of the Note, the loan matured on March 15, 2025.

17.    On March 15, 2025, the terms of the Note were extended by a Renewal, Extension, and Modification Agreement (the "**Extension**"). A true and correct copy of the Extension is attached hereto as **Exhibit E.**  Under the terms of the Extension, the date of maturity was extended to September 15, 2025.

18.    Upon maturity on September 15, 2025, Borrower failed to pay the Note in full and was notified of its default under the Note. A true and correct copy of the notice is attached hereto as **Exhibit F**.

19.    Following Urban Loft's default under the Loan, the Guarantors also failed to perform Borrower's obligations and have refused to pay the outstanding balance owed on the Note.

4

20.    As of April 10, 2026, the total amount of principal, interest, fees, expenses, late charges, penalties, and attorneys' fees owed under the Loan is $275,750.00. The amount owed will continue to accrue interest and other fees and charges until paid, in accordance with the terms of the applicable Loan Documents[1].

## IV.    CAUSES OF ACTION

### A.  Breach of Contract/Suit on the Note

21.    Plaintiff incorporates herein by reference the factual allegations contained in the preceding paragraphs.

22.    Urban Lofts entered into a valid and binding contract with Santa Maria Holdings when it executed the Note.

23.    Santa Maria Holdings performed all of its obligations under the Note.

24.    Urban Lofts is in default under the Loan Documents for failing to pay the Note upon maturity.

25.    Urban Lofts' breach has caused Santa Maria Holdings to suffer damages. As of April 10, 2026, the total amount of principal, interest, fees, expenses, late charges, penalties, and attorneys' fees owed under the Loan is $275,750.00. The amount owed will continue to accrue interest and other fees and charges until paid, in accordance with the terms of the applicable loan documents.

### B.  Breach of Guaranty

26.    Plaintiff incorporates herein by reference the factual allegations contained in the preceding paragraphs.

---

[1] The Promissory Note, Pledge, Davis Guaranty, Interurban Construction Guaranty, and Extension are collectively referred to as the "Loan Documents."

27.     Each of the Guarantors entered into valid and binding contracts with Lender when they each executed their respective Guaranties. Santa Maria Holdings is the legal owner and holder of the Guaranties, which unconditionally obligates the Guarantors to pay all indebtedness owed by Urban Lofts to Santa Maria Holdings.

28.     Each of the Guarantors are in default under their respective Guaranties for failing to make payments when due.

29.     As unconditional guarantors of the payment of all indebtedness owed by Urban Lofts to Santa Maria Holdings, the Guarantors are liable to Santa Maria Holdings for the same.

30.     Each of the Guarantors have breached and caused the Bank to suffer damages. As of April 10, 2026, the total amount of principal, interest, fees, expenses, late charges, penalties, and attorneys' fees owed under the Loan is $275,750.00. The amount owed will continue to accrue interest and other fees and charges until paid, in accordance with the terms of the applicable loan documents.

## VI.     CONDITIONS PRECEDENT

31.     All conditions precedent for bringing these claims have been performed or have occurred.

## VII.     ATTORNEYS' FEES

32.     Plaintiff incorporates herein by reference the foregoing paragraphs.

33.     Pursuant to the Note and the Guaranties, Defendants agreed to pay Santa Maria Holdings reasonable attorneys' fees in the event Santa Maria Holdings, LP should require the services of an attorney in the collection and enforcement of the same. Defendants' conduct has required Santa Maria Holdings to hire the undersigned attorneys to bring this suit. As a result of

Defendants' conduct, Plaintiff is entitled to recover its reasonable attorneys' fees for bringing this suit in the trial court and on any appeals of this suit.

34.     In addition, Plaintiff is entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq*. Defendants' conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit. Plaintiff has presented the claims described above to Defendants. Over thirty days have expired since presentment of Santa Maria Holdings' claims to Defendants, yet Defendants have failed to comply with Santa Maria Holdings' demands or honor their obligations to Santa Maria Holdings. As a result of Defendants' conduct and failure to comply with their contractual obligations, Plaintiff is entitled to recover its reasonable attorneys' fees for prosecuting this suit in the trial court and on any appeals of this suit.

### VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon hearing and trial, Plaintiff has and recovers a judgment from Defendants as follows:

1.  The unpaid principal amount of $250,000.00;
2.  Post-Maturity rate of 18.00% from September 16, 2025, to the date of judgment, which as of April 10, 2026 is $275,750.00;
3.  Post-judgment interest at the rate permitted by 28 U.S.C.§1961;
4.  Reasonable attorneys' fees through trial, with contingent awards in the event of appeal;
5.  All costs of court; and
6.  Any and all further relief, both in law and in equity, to which Plaintiff may be deemed justly entitled.

Dated: April 13, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:    */s/ Sarah Santos*
Sarah Santos
State Bar No. 24040955
Email: *ssantos@dslawpc.com*
Gabriela Justice
State Bar No. 24143372
Email: *gjustice@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Plaintiff Santa Maria
Holdings, LP***

8